IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ILEANA DIAZ<br><br>Plaintiff<br><br>v.<br><br>WALMART PUERTO RICO INC.<br><br>Defendants | **CIVIL NO.**<br><br>DAMAGES<br><br>**TRIAL BY JURY** |

**COMPLAINT**

TO THE HONORABLE COURT:

Come now Plaintiff, through the undersigned attorney and very respectfully alleges and prays:

**THE PARTIES**

1. Plaintiff Ileana Díaz is of legal age, single and resident of Miami, Florida.

2. Defendant Wal-Mart Puerto Rico, Inc. ("Walmart") is a corporation duly organized pursuant to laws of the Commonwealth of Puerto Rico with its principal offices located at Road #1 Km. 28.7, Barrio Rio Cañas, Caguas, Puerto Rico 00725. At all times relevant to this cause of action, Walmart owned, maintained, and operated a Walmart store located in Fajardo, Puerto Rico.

**JURISDICTION AND VENUE**

3. This Honorable Court has jurisdiction over the subject matter and over the parties of this litigation based on diversity of citizenship pursuant to Section 1332 of Title 28 of the United States Code, given the parties complete diversity of citizenship and being the amount in controversy in excess of $75,000.00, exclusive of interests and costs. Venue is proper in the U.S. District of Puerto Rico because it is where a substantial part of the events or omissions giving rise to the claim occurred. See 28 U.S.C. §1391(a).

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

4. On November 4, 2019, plaintiff Ileana Díaz, visited as a customer the Wal Mart store located in Fajardo, Puerto Rico.

5. At approximately 9:15 a.m., Plaintiff went to the garden area of the store to buy certain gardening products, when she inadvertently slipped and fell on a wet floor located in said area even though she had observed all necessary precautions and had acted as a prudent and reasonable person would.

6. The fall suffered by Plaintiff was the direct result of Defendant's negligence and carelessness in failing to keep and maintain the store's walking areas safe, creating a hazardous condition, knowing of the condition, and failing to properly inspect, correct the dangerous condition in the store. The wet

floor in the garden section of the store became slippery and wet, when defendant's employees watered the plants in the area where Plaintiff slipped and fell. Defendant did not post any warnings signs to alert the public of the dangerous condition on the floor.

7. The fall and damages were a foreseeable consequence of defendant's negligent actions as above described.

### FIRST CAUSE OF ACTION

8. Plaintiff reproduces and reaffirms as if alleged herein each and every preceding allegation.

9. As a consequence of the fall plaintiff landed on her knees and supported her body with her right hand injuring her wrist and shoulder. Ice bags were applied to the affected areas by defendant's employees.

10. Upon returning to her home in Miami, plaintiff kept applying ice bags to her right wrist and right shoulder. Her daily anti-inflammatory medication was not enough so she took over the counter pain medicine. The pain in the affected areas worsened reason why she visited her doctor on November 8, 2019.

11. Her doctor injected cortisone in her right shoulder, immobilized the right wrist with a splint, and ordered an MRI of both areas.

12. On November MRIs were taken and showed that plaintiff had suffered a partial tear of her right shoulder *supraspatinatus*

3

tendon, which she previously had but until the accident was asymptomatic. The studies also showed a nondisplaced fracture of her right wrist.

13. Before the accident object of the complaint, plaintiff had a condition known as *Kienbock's* disease in her right hand. This medical condition affects the flow of blood to the small bones in the wrist for which she had been operated on August of 2016. Plaintiff also suffered from frozen shoulders which required manipulation under general anesthesia on 2014. Also, an arthroscopic surgery was performed on her right shoulder to debride adhesions of scar tissue.

14. By the time of the accident, plaintiff's medical conditions had immensely improved. Plaintiff, an avid participant in sports and physical exercises, was regularly practicing yoga, swimming, playing paddle ball and beach volleyball. Plaintiff was also doing a light weights routine.

15. After the fall suffered at Wal-Mart's store, plaintiff's life has dramatically changed.

16. She can hardly use her dominant right hand.

17. Her exercises have been drastically curtailed, and are now limited to walking. Since the accident at Wal Mart, she cannot put weight or bend her right hand and even experiences considerable pain when she writes.

4

18. Although plaintiff was ordered to engage in a physical therapy program to improve the damage and associated pain for her right shoulder injury, it had to be stopped because it could potentially cause more damage and pain to the condition in her wrist. Due to the latter, plaintiff suffers from severe insomnia due to the pain and stress.

19. After consulting with the corresponding doctors, plaintiff has been informed that the trauma received in the accident object of this complaint, triggered the collapse of the lunate bone in her right wrist and deteriorated the condition that affected her hand.

20. Surgery was recommended to her right hand and was scheduled for March of 2020, but it had to be postponed due to the COVID-19 pandemic.

21. Plaintiff remains unable to resume the rehabilitation regime intended to address her injured right shoulder.

22. Due to the setbacks in the recommended medical treatment for her condition, plaintiff has been forced to take a higher dosage of anti-inflammatory medication and also resorts to additional over the counter medication to ease the pain.

23. The physical injuries suffered by plaintiff have severely affected her daily activities and general enjoyment of life and will most likely do so for the rest of her life. Most likely,

5

plaintiff's injuries will have an adverse and permanent impairment of her normal life activities.

24. Due to the latter, Plaintiff has suffered and continues to suffer extreme mental anguishes.

25. Plaintiff's physical pain and mental anguishes are valued in a sum of not less than One Million Dollars ($1,000.000.00).

26. As a direct and proximate cause of Defendant's negligent actions and/or omissions, Plaintiff will have to continue receiving medical attention to deal with her injuries. The approximate cost of plaintiff's present and future medical expenses required for her medical treatment are calculated in an amount of not less than One Hundred Thousand Dollars ($100,000.00).

27. Defendant is liable to plaintiff for all of the damages that were proximately caused by the negligent actions and/or omissions or its employees.

28. Plaintiff demands trial by jury in all causes of action.

IN VIEW OF THE FOREGOING, Plaintiffs respectfully prays that judgement against Defendant be entered according to the aforementioned averments once the necessary legal proceedings have been fulfilled, and that this Honorable Court orders Defendant to pay to Plaintiff the amounts herein requested, including pre-judgement interests from the date of the filing of this Complaint, taxable costs and a reasonable amount for attorney's fees.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 22 day of October 2020.

**RIVERO-VERGNE LAW OFFICES**
Attorney for Plaintiff
Popular Center Suite 1406
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
T. (787)522-4864
F. (787)754-1998
*S/ José L. Rivero-Vergne*
*riverovergnelaw@gmail.com*
USDC-PR 202408


**GONZÁLEZ MUÑOZ LAW OFFICES**
P.O. Box 9024055
San Juan, Puerto Rico,
00902-4055
T: (787) 766-5052
info@gonzalezmunozlaw.com


s/ *Juan R. González Muñoz*
Juan Rafael González Muñoz
USDC PR No. 202312